

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD CHAUN LOYER, | ) | Case No. 8:19-cv-02035-PSG-JC |
| Petitioner, | ) | |
| v. | ) | |
| PATRICK COVELLO, | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | ) | |

## I. SUMMARY

On October 12, 2019, petitioner Clifford Chaun Loyer, a state prisoner who is proceeding *pro se*, signed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") which was formally filed on October 24, 2019. Petitioner challenges his conviction in Orange County Superior Court Case No. 16WF1726 on four somewhat overlapping grounds: (1) his warrantless arrest on August 2, 2016 violated the Fourth Amendment; (2) his arrest and detention in jail for many hours without booking, fingerprinting, photographing or a phone call, and the use of force against him violated his Fifth Amendment right to due process; (3) his warrantless arrest on August 5, 2016 violated the Fourth Amendment; and (4) his arrests on August 2, 2016 and August 5, 2016 were made without a warrant or probable cause and violated the Fourth Amendment. (Petition at 5-6). It

plainly appears from the face of the Petition that it is wholly unexhausted as it reflects that petitioner has not presented any of his claims to the California Supreme Court. (Petition at 5-6). Accordingly, petitioner is not entitled to federal habeas relief on his claims at this time. As explained below, the Court dismisses this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

**II.　DISCUSSION**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 568 U.S. 959 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue *sua sponte* and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1991), cert. denied, 506 U.S. 1081 (1993).

///

///

---

[1] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

1  Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

In the present proceeding, the Petition affirmatively reflects that petitioner has not presented his claims to the California Supreme Court. (Petition at 5-6). Accordingly, it plainly appears from the face of the Petition that petitioner cannot meet his burden to demonstrate that he has exhausted his claims because they have not been disposed of by the California Supreme Court.

Although it is clear that the California Supreme Court has not resolved petitioner's claims, the exhaustion requirement may nonetheless be satisfied if petitioner's claims are clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, it is not at all "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of petitioner's claims might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park v. California, 202 F.3d 1146, 1151-52 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v.

Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

**III. ORDER**

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice and that Judgment be entered accordingly.[2]

IT IS SO ORDERED.

DATED: November 1, 2019

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

---

[2] The Court further notes, as an alternative basis for dismissal, that none of petitioner's claims appear to be cognizable on federal habeas review. Petitioner's first, third and fourth claims are predicated on the Fourth Amendment as to which federal habeas review is precluded. See e.g., Ahlswede v. Wolff, 720 F.2d 1108, 1110 (9th Cir. 1983) (where petitioner had full and fair opportunity to litigate Fourth Amendment challenge that no probable cause existed to arrest him, federal habeas review precluded) (citing Stone v. Powell, 428 U.S. 465, 481-82 (1976); Myers v. Rhay, 577 F.2d 504, 508-09 (9th Cir.), cert. denied, 439 U.S. 968 (1978)); see also Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990) (California affords criminal defendants opportunity for full and fair litigation of Fourth Amendment claims); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided.") (citations omitted). Petitioner's second claim appears to challenge his conditions of detention and the use of force against him, claims which may be appropriate to assert in a civil rights action, but which do not appear to be cognizable in a federal habeas action. See e.g., Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus proceedings are proper mechanism for prisoner to challenge legality or duration of confinement, whereas a civil rights action is the proper method to challenge conditions of confinement). Indeed, petitioner currently has pending in the Central District of California a federal civil rights case in which he asserts many of the same claims asserted herein, including a challenge to the failure to book him and to the use of force against him. See Clifford C. Loyer v. City of Cypress, et al., Case No. 8:19-cv-01504-PSG-JC.